**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                No. 01-4854

DANNY RAY VALENTINE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-01-278)

Submitted: July 25, 2002

Decided: August 2, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Andrew R. MacKenzie, BARRETT & MACKENZIE, L.L.C., Green-ville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Danny Valentine appeals his conviction and fifty-seven month sentence after entering a conditional guilty plea to possession with intent to distribute cocaine, crack cocaine, and marijuana in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001). In a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Valentine's counsel challenges the district court's order denying Valentine's motion to suppress three kilograms of powder cocaine, eight grams of cocaine base, and forty pounds of marijuana seized from his person and vehicle during a traffic stop leading to his arrest. Valentine has filed a pro se supplemental brief asserting three additional claims. We affirm.

The district court's suppression determination is without error. We review the district court's factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996). Construing the evidence in the light most favorable to the Government, we conclude the district court properly denied Valentine's motion to suppress evidence discovered during a traffic stop and subsequent search of his vehicle. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Valentine also filed a pro se supplemental brief raising three additional issues: (1) the Government withheld alleged exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) he was improperly sentenced; and (3) he received ineffective assistance of counsel on appeal because counsel did not file a joint appendix with the *Anders* brief. Valentine's *Brady* claim is meritless because the information he claims should have been disclosed is not exculpatory.

Additionally, we find because Valentine's sentence was set at the low end of the properly calculated guideline range, it is not reviewable. *See United States v. Jones*, 18 F.3d 1145, 1150-51 (4th Cir. 1994). Finally, Valentine claims he received ineffective assistance of counsel on direct appeal because his counsel filed an *Anders* brief and because counsel failed to file a joint appendix. Because we find no

meritorious issues for appeal after reviewing the entire record on appeal, we conclude this claim is meritless.

Accordingly, we affirm Valentine's conviction and sentence. We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*